1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  UNITED STATES OF AMERICA, )
                                )
11              Plaintiff,       )     CASE NO.   CR06-319JLR
                                )
12          v.                   )
                                )
13                               )     DETENTION ORDER
    HAI NGUYEN,                   )
14                               )
                Defendant.       )
15  _____ )

16  Offenses charged:

17      Count I:      Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C.,

18                    Sections 841(a)(1), 841(b)(1)(A), and 846; and

19      Count II:     Conspiracy to Engage in Money Laundering, in violation of Title 18,

20                    U.S.C., Section 1956(h).

21  Date of Detention Hearing: September 29, 2006.

22          The Court, having conducted a contested detention hearing pursuant to Title 18

23  U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention

24  hereafter set forth, finds that no condition or combination of conditions which the defendant

25  can meet will reasonably assure the appearance of the defendant as required and the safety

26  of any other person and the community.  The Government was represented by Ye-Ting

DETENTION ORDER
PAGE -1-

1  Woo.  The defendant was represented by Terry Kellogg.

2         The Government filed a motion for detention, asserting that the defendant is

3  considered to be a major broker in smuggling marijuana from the United States - Canadian

4  border.  A telephone wiretap reveals intercepted calls between this defendant and co-

5  defendant Quoc Le, the leader and major distributor of the marijuana.  The wiretap

6  surveillance also provides evidence of communication discussing the quality of the drugs

7  and exchange of funds with the Canadian drug source, referred to as "the man."  A search

8  warrant was executed at the defendant's residence during his absence, giving the defendant

9  notice of the fact that law enforcement authorities had been in his residence.  The

10  Government argues that on that same night, the defendant fled to Everett rather than

11  contacting the authorities.  Deputy U.S. Marshals informed the Government that they

12  believed that the defendant was preparing to flee.  Upon his arrest, they found his passport,

13  business documents, and proof of citizenship in his vehicle.

14         The defendant argues for release, countering that his possession of a passport,

15  business documents, and proof of citizenship does not suggest an intention to flee.  The

16  defendant maintains he does not present a risk of flight, submitting he has strong ties to the

17  community and strong family support.  Emphasizing his family ties, the defendant gives

18  reference to family members present in court, including his wife who is expecting their first

19  child in late November.  Finally, the defendant asserts that there is no family relationship

20  with the other named co-defendants.

21         FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

22         (1)    There is probable cause to believe the defendant committed the

23                conspiracy drug offense. The maximum penalty is in excess of ten years.

24                There is therefore a rebuttable presumption against the  defendant's

25                release based upon both dangerousness and flight risk, under Title 18

26                U.S.C. § 3142(e).

DETENTION ORDER
PAGE -2-

(2)     Nothing in this record satisfactorily rebuts the presumption against
release for several reasons:   Using the factors below, under Title 18 §
3142 (g), the Court considered the following:

    (a)     <u>The nature and circumstances of the offense charged, including
whether the offense is a crime of violence or involves a narcotic
drug</u>.  The instant offense is a conspiracy drug distribution of
marijuana originating in Canada and smuggled to Washington for
transport to other states.  The additional offense involves the
laundering of large sums of cash obtained as drug proceeds.  The
investigation of locations of other large sums of cash is ongoing.
This raises concern regarding this defendant's access to large
sums and/or drug proceeds which may be used to facilitate flight.
The Government has argued that a co-defendant in this matter has
reportedly already fled to Vietnam to avoid prosecution.

    (b)     <u>The weight of the evidence</u>.  There is substantial evidence
connecting this defendant with the transportation of marijuana
from the Canadian border and its delivery to Quoc Le, the leader
of the distribution network, including wiretap surveillance of the
defendant's telephone conversations with other major players in
the conspiracy.

    (c)     <u>The history and characteristics of the person</u>.  At this stage of
Pretrial Service's investigation, the defendant lacks verifiable
employment because he is self-employed.  Thus, his family ties
alone are insufficient to overcome the presumption.

    (d)     <u>Risk of danger to the community</u>.  The nature of the instant
offense consists of a drug conspiracy and money laundering

DETENTION ORDER
PAGE -3-

involving large sums of cash, thus this defendant poses a risk to the community.

(3)   Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)   The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)   The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of October, 2006.

Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -4-