UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>          Plaintiff,         )        CASE NO.   CR06-319JLR<br>                             )<br>     v.                      )<br>                             )<br>HAI NGUYEN,                  )        DETENTION ORDER<br>                             )<br>          Defendant.         )<br>_____) | |

Offenses charged:

    Count I:    Conspiracy to Distribute Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; and

    Count II:    Conspiracy to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing: September 29, 2006.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Ye-Ting

Woo. The defendant was represented by Terry Kellogg.

The Government filed a motion for detention, asserting that the defendant is considered to be a major broker in smuggling marijuana from the United States - Canadian border. A telephone wiretap reveals intercepted calls between this defendant and co-defendant Quoc Le, the leader and major distributor of the marijuana. The wiretap surveillance also provides evidence of communication discussing the quality of the drugs and exchange of funds with the Canadian drug source, referred to as "the man." A search warrant was executed at the defendant's residence during his absence, giving the defendant notice of the fact that law enforcement authorities had been in his residence. The Government argues that on that same night, the defendant fled to Everett rather than contacting the authorities. Deputy U.S. Marshals informed the Government that they believed that the defendant was preparing to flee. Upon his arrest, they found his passport, business documents, and proof of citizenship in his vehicle.

The defendant argues for release, countering that his possession of a passport, business documents, and proof of citizenship does not suggest an intention to flee. The defendant maintains he does not present a risk of flight, submitting he has strong ties to the community and strong family support. Emphasizing his family ties, the defendant gives reference to family members present in court, including his wife who is expecting their first child in late November. Finally, the defendant asserts that there is no family relationship with the other named co-defendants.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the conspiracy drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons: Using the factors below, under Title 18 § 3142 (g), the Court considered the following:

    (a) <u>The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug</u>. The instant offense is a conspiracy drug distribution of marijuana originating in Canada and smuggled to Washington for transport to other states. The additional offense involves the laundering of large sums of cash obtained as drug proceeds. The investigation of locations of other large sums of cash is ongoing. This raises concern regarding this defendant's access to large sums and/or drug proceeds which may be used to facilitate flight. The Government has argued that a co-defendant in this matter has reportedly already fled to Vietnam to avoid prosecution.

    (b) <u>The weight of the evidence</u>. There is substantial evidence connecting this defendant with the transportation of marijuana from the Canadian border and its delivery to Quoc Le, the leader of the distribution network, including wiretap surveillance of the defendant's telephone conversations with other major players in the conspiracy.

    (c) <u>The history and characteristics of the person</u>. At this stage of Pretrial Service's investigation, the defendant lacks verifiable employment because he is self-employed. Thus, his family ties alone are insufficient to overcome the presumption.

    (d) <u>Risk of danger to the community</u>. The nature of the instant offense consists of a drug conspiracy and money laundering

DETENTION ORDER
PAGE -3-

involving large sums of cash, thus this defendant poses a risk to the community.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of October, 2006.

_____
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -4-